IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JANET R. HEMMINGER,

                                                     OPINION AND ORDER

               Plaintiff,

                                                     12-cv-746-bbc

    v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Janet R. Hemminger first filed suit in 2008 after her claim for disability insurance benefits was denied by an administrative law judge. Hemminger v. Astrue, 08-cv-186-bbc. This court remanded her case to the acting commissioner, who afforded her a new hearing. After a different administrative law judge denied plaintiff's application for benefits, plaintiff filed this lawsuit in 2012. I granted plaintiff's motion for summary judgment, reversing the decision of the acting commissioner and remanding the case for further proceedings. Dkt. #25. On remand, an administrative law judge concluded that plaintiff was disabled and entitled to past-due benefits of $132,140.00. Pursuant to the Equal Access to Justice Act, plaintiff's attorney was granted $5,199.75 in attorney fees in the first case and $7,100.00 in attorney fees for this case.

      Now plaintiff's attorney, Frederick J. Daley, seeks an award of attorney fees under 42 U.S.C. § 406(b) and the contingency agreement entered into between plaintiff and counsel. He seeks $33,035.00 in fees, which is 25 percent of plaintiff's past-due benefits award of

1

$132,140.00, as well as an order requiring him to refund to plaintiff the $12,299.75 in Equal Access to Justice Act fees. The commissioner does not oppose Daley's request. For the reasons below, I am granting the motion.

OPINION

Under 42 U.S.C. § 406(b), the court may award a prevailing plaintiff's attorney a reasonable fee, but no greater than 25 percent of past-due benefits. Gisbrecht v. Barnhart, 535 U.S. 789, 792 (2002). See also McGuire v. Sullivan, 873 F.2d 974, 980 (7th Cir. 1989) ("A court may award a fee up to that provided in the [contingency-fee] contract so long as the court has reviewed its reasonableness."). When evaluating a request for fees under § 406(b) for reasonableness, a court may consider "the character of the representation and the results the representative achieved." Gisbrecht, 535 U.S. at 808. Courts in this circuit have considered factors such as the attorney's experience, reputation and ability as well as awards in similar cases. Westlund v. Berryhill, No. 15-cv-450-jdp, 2017 WL 2389724, at *1 (W.D. Wis. June 1, 2017) (citing Hodges-Williams v. Barnhart, 400 F. Supp. 2d 1093, 1099 (N.D. Ill. 2005), and McGuire, 873 F.2d at 979, 983)).

In this instance, counsel's fee request is reasonable. Counsel's records show that plaintiff's attorneys spent 86.92 hours on matters related to court proceedings, including the preparation of two successful motions for summary judgment. Dkt. #32-4. Awarding counsel $33,035.00 would be the equivalent of a rate of approximately $380.06 an hour.

In light of Daley's experience, the risk he and his firm incurred and the amounts awarded by other courts in similar cases, I conclude that the amount is reasonable.

ORDER

IT IS ORDERED that Frederick Daley's motion for attorney fees, dkt. #32, is GRANTED and Daley is awarded $33,035.00 in fees under 42 U.S.C.§ 406(b) to be paid from plaintiff Janet R. Hemminger's past due benefits. Daley shall refund the combined Equal Access to Justice Act fee of $12,299.75 to plaintiff.

Entered this 13th day of December, 2017.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge